INÉS MENA ETC., Plaintiffs and Appellants, *v.* ELÍAS LLERANDI RIVERO, Defendant and Appellee.

No. 9776. Argued December 21, 1948.—Decided June 24, 1949.

*G. Zeno Sama* for appellants. *J. M. Terrasa* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On June 5, 1946, Inés Mena and her husband Marcelino Blanco instituted an injunction proceeding in the lower court to retain the possession of a lot owned by them, alleging that the defendant Elías Llerandi Rivero had disturbed them in the possession of said lot. The acts disturbing their possession were alleged to have been done in a violent manner and under threats, by the defendant personally and by employees under his orders consisting said acts in that defendant entered plaintiffs' lot and against their will and without their consent placed several iron markers in one of the corners of said lot adjacent to defendant's lot, and in opening a ditch therein.

On June 17, 1946, the day set for the hearing, the parties signed an extrajudicial agreement for a survey of plaintiffs' lot as well as of defendant's adjacent lot, since defendant considered that there was confusion with regard to the common boundary of both lots. In said agreement the parties by mutual accord appointed the engineer Manuel Morell to carry out the agreed survey and to proceed to mark the boundaries of both lots in accordance with the plans of the development of which they formed part and in accordance with the respective titles. The sixth clause of said contract was the following:

"The expert appointed shall draw the corresponding survey plan and issue a certificate of said survey to be delivered to the

parties. The fees of the expert shall be totally paid by the party to whom the expert's decision is adverse, *which decision shall be conclusive for both parties."* (Italics ours.)

After the engineer Morell rendered his decision, it was not accepted by the plaintiffs, since they considered that there were fundamental errors therein which called for the rectification of the work performed by him, or for a new survey. On the date the decision of the engineer Morell was delivered to the plaintiffs, Morell had died. In view of plaintiff's inconformity with said decision, defendant suggested that each party appoint a new expert "to discuss the expert's decision on the grounds, to see if it is possible to clear the matter in order to be able to settle it."

At this stage, on November 10, 1947 defendant moved to dismiss the action alleging that in accordance with the extrajudicial agreement for survey said action had become academic. After a hearing was held on November 17, 1947, defendant insisted in his motion. The court, desiring to ascertain whether the parties had really agreed to a settlement of the litigation, held another hearing on the 24th of that month, during which defendant introduced in evidence the extrajudicial agreement for survey. Plaintiffs on their part maintained that it did not appear in the agreement for survey that plaintiffs waived the injunction proceeding instituted, and introduced in evidence the letter that defendant's attorney had addressed to plaintiffs' attorney on June 30, 1946 suggesting the appointment of new experts to discuss the decision of engineer Morell. As a result of these hearings the court issued an incidental order by which, in view of the objections raised by the plaintiffs to the decision of the engineer Morell and of the proposal of the defendant in connection with the appointment of new experts, it directed that each party appoint an expert to "render a report to the court regarding the decision of the engineer Morell, study same on the grounds and once said report is received by the

court and served on the parties, the pertinent shall be decided, after a hearing in court. The appointment of an expert made by each party shall be set forth in a single document and presented to the court. There shall appear on said document the signatures of the attorneys and of the parties, it being agreed that if both experts accept Morell's decision it will be definitively accepted by the parties, and that if they do not agree with it, each expert shall render his opinion and the court shall decide."

During a new hearing on January 16, 1948, the report of engineer Morell and those of the new experts appointed by the parties pursuant to the incidental order referred to above and whose appointment had already been approved by the court, were offered and admitted in evidence. Prior to said hearing, plaintiffs had submitted to the lower court "for the court to make the proper decision" the report of their expert, since the latter and defendant's expert had not reached an agreement.

The complaint was dismissed and plaintiffs appealed charging the lower court with error (1) in rendering the incidental order of December 3, 1947 whereby the parties were directed to appoint new experts to render a report on the decision of the engineer Morell; (2) in providing, by order of January 5, 1948, that said reports be introduced in evidence and that once said evidence was introduced that the parties submit the case for decision of the court, and (3) in rendering judgment dismissing the complaint without having held any trial or having heard any evidence in connection with the allegations of the complaint, the court having confined itself to a decision on an incident of survey within an injunction to retain possession.

■■ Plaintiffs state the law correctly when they sustain that a civil action which contains only the allegations of an injunction to retain or recover possession brings into consideration only the fact of possession and never the title or owner-

ship of the property involved in the proceeding. *Rivera v. Cancel* ,68 P.R.R. 339; *Maldonado v. Colón*, 68 P.R.R. 317; *Martínez v. Martínez*, 68 P.R.R. 191; *Solís v. Esquilín*, 48 P.R.R. 587; *Pérez v. Marrero*, 47 P.R.R. 431; *Rivera v. Vargas*, 43 P.R.R. 144; *Vicente v. Ortiz*, 38 P.R.R. 95; *Pérez v. Pérez et al.*, 38 P.R.R. 677; *Vázquez v. Rivera*, 37 P.R.R. 748; *Oliver et al. v. González et ux.*, 37 P.R.R. 868; *Solís v. Castro*, 36 P.R.R. 94; and *González v. Rivera*, 31 P.R.R. 291. However, under Rule 15(*b*) of Civil Procedure "When issues not raised by the pleadings are tried by express or implied consent of the parties or by order of the court, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . ." In the case at bar no leave to amend the complaint was requested. In fact, neither was there an answer by defendant. Instead, the parties signed the extrajudicial agreement for survey and subsequently proceeded to discuss in the lower court the controversy regarding the common boundary of their respective lots. Plaintiffs, after having appeared pursuant to the motion for appointment of experts subsequent to the incidental order of December 3, 1947, submitted the decision of their expert to the consideration of the court so that the court decide accordingly. Plaintiffs did not introduce in any of the hearings held evidence to support the allegation of their original injunction petition. On the contrary, their position, like that of defendant, was that the confusion regarding the common boundary of both properties be decided. It so appeared from the record of the last hearing held.

Although the lower court used in its opinion certain language which tends to show that in deciding the case it considered the action as one of a typical injunction to recover possession, in effect it decided that the iron markers placed

by defendant in the lot which plaintiffs alleged belonged to them, were placed in defendant's lot, for which reason the acts of disturbance alleged by plaintiffs were nonexistent. Therefore, in accordance with Rule 15(b) above cited we should consider that the pleadings in the civil action (Rule 2 of the Rules of Civil Procedure) which plaintiffs called injunction to retain possession, were amended by the evidence submitted in connection with the survey. 3 Moore, Federal Practice, § 15.3, 843 *et seq.* Cf. *Núñez v. Benítez, Chancellor,* 65 P.R.R. 812; *Rovira v. Oliver, ante,* p. 106. This being so, the error charged to the lower court in that it rendered judgment without hearing evidence on the allegations of the complaint in its original form, is without merit.

The remaining two errors assigned challenging the incidental order of December 3, 1947 and the order of January 5, 1948, are also without merit. By the first, the parties were directed to appoint experts to render a report on the decision of the engineer Morell and by the second a hearing was set for the parties to introduce in evidence such reports. Since plaintiffs acted in accordance with said orders, without objection on their part, submitting themselves to and complying with their terms, they cannot now complain on appeal of actions of the court with which they agreed. 3 Am. Jur., Appeal and Error, §§ 874 and 879.

Since the errors assigned are nonexistent the judgment is affirmed.